# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GEORGE S. DOTSON, JR.**                                                      **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:08CV265-SA-DAS**

**SHERIFF WILLIAM LEE,**
**JAILOR STAN MURRAY AND**
**ATTALA COUNTY SHERIFF'S DEPT.**                           **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court on motion of the defendants, Sheriff William Lee and Stan Murphy, for summary judgment (# 43). Having considered the motion and response, along with the record, the court finds the motion to be well-taken.

## FACTS

On January 4, 2008, George Dotson was exposed to vapors from household chemicals after another inmate, John Bently, attempted to unclog a drain at the Attala County Jail. Specifically, at approximately 7:30 p.m. that evening Dotson awoke gagging on vapors in his cell. Stan Murphy attempted to free the inmates before handing the keys to a prison trustee wearing an oxygen mask who released the prisoners. After approximately thirty minutes, Dotson and other inmates were escorted into the jail yard. Fifteen minutes later, Dotson was taken to a local hospital for examination and treatment. Neither Sheriff Lee nor Jailor Murphy accompanied Dotson to the hospital.

When Dotson arrived at the hospital, he provided a nurse with personal information. He and another inmate were then shackled together and taken to an examination area where a nurse asked him about his condition. Dotson's medical records show he was given an IV of Solumedrol, though he doesn't recall the IV. A physician then examined Dotson who, according to Dotson, stated that he "needed medication." Neither Lee nor Murphy were present when the nurse or doctor examined and treated him.

Dotson alleges that a nurse prepared bags of medication for the inmates and that he was not given such a bag. Nobody told him directly that a bag of medication had been prepared for him. Instead, Dotson overheard a nurse tell Deputy Nail that she had bags of medication ready for the inmates. When the nurse asked Deputy Nail whether she should give the bags directly to the inmates, Nail said that she should give the bags to him. No hospital staff gave Dotson or the jail staff a written prescription for any medication. Dotson does not know whether any medications had been prepared for him; never saw any bags of medication; and he does not know what medication such bags might have contained.

After being discharged from the emergency room on January 4, 2008 (the same night he was admitted) Dotson returned to the Attala County Jail. On January 5, 2008, the day after the exposure, Sheriff Lee came to Dotson's cell to check on him and the other inmates. The Sheriff then directed that Dotson and several other inmates be taken back to the emergency room because of continued complaints of discomfort. Neither Lee nor Murphy accompanied them on this second trip to the hospital. During his second emergency room visit, Dotson was examined again, administered an EKG, given Tylenol, then discharged. After Dotson's examination during this second visit to the hospital, the doctor did not prescribe any medication.[1]

Dotson was released from custody on January 16, 2008, twelve days after the initial incident and eleven days after his subsequent visit. He saw a doctor twenty days after his release and complained of cold symptoms similar to those experienced by other family members.

---

[1] Dotson testified at his deposition that he did not receive a prescription on this visit, but he attached an affidavit and alleges in his response that he was given a prescription during this visit. The court is bound by the Dotson's deposition testimony. *S.W.S. Erectors, Inc. V. Infax, Inc.,* 72 F.3d 489, 495 (5th Cir. 1996) (affidavit in opposition to summary judgment contradicting without explanation deposition testimony is properly disregarded). Additionally, Dotson's medical records contradict his affidavit, indicating that no prescription was given.

**DISCUSSION**

On November 12, 2008, Dotson filed the present action alleging that Lee and Murphy failed to ensure that he received medications provided in bags by the hospital. He argues that this failure rises to the level of a violation of the Eighth Amendment prohibition against cruel and unusual punishment. This claim fails for two reasons: First, neither Lee nor Murphy had any personal involvement with obtaining such medication from the hospital or transporting the medication to the jail;[2] and second, this claim fails for want of admissible proof to support it.

**RESPONDEAT SUPERIOR**

Section 1983 liability cannot be predicated upon a respondeat superior theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, Dotson does not allege that Lee or Murphy had any personal involvement or were causally connected to the alleged incident. Neither defendant was present at the hospital when Dotson alleges the unknown medications were given to jail personnel, and each has submitted an affidavit stating that he had no knowledge of such medication. In addition, Dotson's medical records contain no entries showing that such medication was provided for him. As such, Dotson's claim that defendants Lee and Murphy failed to provide him with necessary medication shall be dismissed for failure to state a constitutional claim.

---

[2]Indeed, the only instance in which either Lee or Murphy was directly involved occurred when Murphy was unable to free Dotson and was forced to give the keys to an inmate who had an oxygen mask. In his response to the present motion, Dotson contends that this act also led to a delay of medical care. Because there is no evidence whatsoever to support this allegation, the court finds the argument unpersuasive.

## DENIAL/DELAY OF MEDICAL TREATMENT

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference." *Id*. at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of that risk. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). This same subjective deliberate indifference standard applies to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as this one, allegedly arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with prison officials over proper medical

treatment does not amount to an Eighth Amendment claim of deliberate indifference. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).

In the present case, the only evidence offered by Dotson to support his claim for denied medical case is an affidavit stating he overheard a conversation between a nurse and a jail employee at the hospital. As this is an out-of-court statement used to prove the truth of the matter asserted, it constitutes hearsay and cannot be used to support a claim during consideration of the summary judgment motion. Even if the statement could be used, it merely shows the nurse's intent to collect medication in bags and pass them on to the inmates through jail staff. Dotson does not know whether the bags were ever put together, whether a bag was intended for him, what medication might have been in the bag, how it might have helped him, or why (if such a bag was put together for him) he did not receive it when he got back to the Attala County Jail. Finally, Dotson returned to the hospital the next day, was examined by a physician, underwent an EKG, and received medication. After this second treatment, the physician decided not to provide Dotson additional medication or a prescription for drugs to be administered at the jail. Dotson's medical records do indicate that a follow-up appointment was ordered, but neither Lee nor Murphy was aware that such a follow-up was ordered. Dotson was released from custody just over a week later.

In the end, the only harm the plaintiff has alleged are the cold symptoms for which he was treated twenty days after his release. There is no expert medical testimony demonstrating that Dotson suffered any harm as a result of this entire incident—much less testimony that the unspecified delay about which he now complains caused him "substantial harm." The cold symptom allegations do not amount to "substantial harm" required to maintain this cause of action. *Mendoza,* 989 F.2d at 195.

## ATTALA COUNTY SHERIFF'S DEPARTMENT

While the defendant's do not discuss specifically the claims against the sheriff's department in their motion, the court finds that a sheriff's department is not an entity capable of being sued under § 1983, and as such, the plaintiff's claims against the Attala County Sheriff's Department will be dismissed with prejudice.

A judgment consistent with this opinion will issue this day.

IT IS, THEREFORE, ORDERED that the defendants' motion for summary judgment (# 43) is hereby GRANTED.

SO ORDERED this the 19th day of July, 2010.

                                          /s/David A. Sanders
                                          UNITED STATES MAGISTRATE JUDGE